IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. ALCALA,

      Plaintiff,                      No. 2:09-cv-3407 FCD JFM (HC)

  vs.

MIKE MARTEL, Warden, et al.,

      Defendants.           FINDINGS & RECOMMENDATIONS

      Plaintiff, a state prisoner proceeding pro se, has filed a second amended complaint pursuant to 42 U.S.C. § 1983. On March 14, 2011, plaintiff filed a motion for a temporary restraining order. Plaintiff alleges that on March 9, 2011, staff at Mule Creek State Prison who are not parties to this suit subjected him to a strip search and a search of his cell because plaintiff had iritated the warden by filing the instant action. See Doc. No. 32 at 2. Plaintiff also contends that some of his personal items were confiscated. Id. Plaintiff seeks an order prohibiting further harassment, retaliation or intimidation. Id. at 3.

      The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent however, that requests for temporary

1

1  restraining orders which are not ex parte and without notice are governed by the same general
2  standards that govern the issuance of a preliminary injunction.  See New Motor Vehicle Bd. v.
3  Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch.
4  Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting);
5  Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990).  In many cases the
6  emphasis of the court is directed to irreparable harm and the balance of hardships because the
7  merits of a controversy are often difficult to ascertain and adjudicate on short notice.

8          The legal principles applicable to a request for injunctive relief are well
9  established.  To prevail, the moving party must show either a likelihood of success on the merits
10 and the possibility of irreparable injury, or that serious questions are raised and the balance of
11 hardships tips sharply in the movant's favor.  See Coalition for Economic Equity v. Wilson, 122
12 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374,
13 1376 (9th Cir. 1985).  The two formulations represent two points on a sliding scale with the focal
14 point being the degree of irreparable injury shown.  Oakland Tribune, 762 F.2d at 1376.  "Under
15 any formulation of the test, plaintiff must demonstrate that there exists a significant threat of
16 irreparable injury."  Id.  In the absence of a significant showing of possible irreparable harm, the
17 court need not reach the issue of likelihood of success on the merits.  Id.

18         In cases brought by prisoners involving conditions of confinement, any
19 preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the
20 harm the court finds requires preliminary relief, and be the least intrusive means necessary to
21 correct the harm."  18 U.S.C. § 3626(a)(2).

22         This action is proceeding on claims raised against three defendants in plaintiff's
23 second amended complaint, filed June 22, 2010.  Though framed as a request for temporary
24 restraining order, the instant request arises from events that are entirely distinct from the claims
25 raised in plaintiff's second amended complaint and allegedly occurred approximately one year
26 after the second amended complaint was filed.  None of the current defendants to this action

were involved in the alleged events that gave rise to the instant request. Moreover, the instant request was filed five days after the events that give rise to it, precluding any possibility that plaintiff has exhausted administrative remedies with respect to the claims raised therein. Cf. 42 U.S.C. § 1997e(a). Lastly, plaintiff's motion is based on actions taken by individuals not named in this action. Plaintiff is advised that the court is unable to issue an order against individuals who are not parties to a suit pending before it. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Thus, the claims raised in the request for temporary restraining order are not at issue in the instant proceedings, nor do those claims involve any of the named defendants.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiff's March 14, 2011 request for temporary restraining order be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 7, 2011.

UNITED STATES MAGISTRATE JUDGE

/014;alca3407.tro