IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. ALCALA,

      Plaintiff,                       No. 2:09-cv-3407 FCD JFM (PC)

    vs.

MIKE MARTEL, Warden, *et al.*,

      Defendants.             FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On April 13, 2011, defendants filed a motion to dismiss for failure to exhaust administrative remedies. On July 6, 2011, the undersigned issued findings and recommendations recommending that the motion to dismiss be denied on the ground that plaintiff exhausted all remedies available to him. Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005). On July 12, 2011, defendants objected to that recommendation. On July 29, 2011, the Honorable Frank C. Damrell adopted the findings and recommendations in full. Pending before the court is defendants' August 11, 2011 motion for certification and motion for stay.

/////

/////

/////

1

DISCUSSION

Title 28 of the United States Code, section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Generally, a party may seek review of a district court's rulings only after a final judgment has been entered. In re Cement Antitrust Litigation, 673 F.2d 1020, 1022-23 (9th Cir. 1982). In certain circumstances, however, the district court may certify an order for interlocutory review under 28 U.S.C. § 1292(b). Id. at 1025-26. The certification requirements for an interlocutory appeal are "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." Id. at 1026.

The first limitation, that interlocutory appeals be permitted only where there is a controlling question of law at issue, intends to capture those "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement, 673 F.2d 1026 (citing United States Rubber Co. v. Wright, 359 F.2d 784, 785 (9th Cir. 1966) (per curium) and Milbert v. Bison Labs., 260 F.2d 431, 433-35 (3rd Cir. 1958)). To be controlling, the issue must be one that "could materially affect the outcome of litigation in the district court," rather than simply shortening the duration of the litigation or relating to a collateral issue. Id. at 1026-27.

Defendants seeks certification concerning purported conflicts in district court rulings regarding plaintiffs' failures to exhaust administrative remedies. In reliance, defendants cite to Stansbury v. United States Gov't et al., 2011 U.S. Dist. LEXIS 68588 (E.D. Cal. June 24,

2011), a case in which Magistrate Judge Gerald B. Cohn granted defendants' motion to dismiss prisoner-plaintiff's complaint for failure to exhaust. In <u>Stansbury</u>, the plaintiff brought suit pursuant to <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), for excessive force and retaliation claims in violation of his civil rights. Defendants filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies. Judge Cohn granted the motion after finding that plaintiff's reasons for failing to exhaust (defendants lost his appeal and plaintiff did not need to file a formal appeal because he was satisfied with the results at an informal level) were unsatisfactory.

       The undersigned finds that facts of <u>Stansbury</u> to be markedly different from the facts in this case. In <u>Stansbury</u>, the plaintiff, who alleged retaliation and excessive force, failed to file a formal appeal concerning his claims. There, the magistrate judge issued his recommendation that the motion to dismiss be granted based upon the general rule that exhaustion of administrative remedies is a prerequisite to filing a federal law suit and upon plaintiff's conflicting explanations for failing to exhaust. <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). In this case, the plaintiff, who sought medical care and treatment for lymphoma, received care after going man-down and being transferred to a medical facility before he was able to timely appeal his formal grievance. The undersigned found that plaintiff's case came within the exception to the general rule of administrative exhaustion and further found that defendants failed to identify what other action administrative officials could have taken with respect to plaintiff's grievance. <u>See</u> <u>Brown v. Valoff</u>, 422 F.3d 926, 935 (9th Cir. 2005) ("The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.'"). Thus, contrary to defendants' assertion, these two cases are not analogous except to the extent they both involve prisoners who failed to proceed to the Director's Level of Review.

       Furthermore, there is no doubt that this court and the court in <u>Stansbury</u> applied the same law. Where the position of the Circuit court has been unequivocal, as it is on the

question of exhaustion of administrative remedies and its applicable exceptions, there is no substantial ground for difference of opinion meriting interlocutory review.  See, e.g., Transport Workers of America, Local 100 v. N.Y. City Transit Auth., 358 F. Supp. 2d 347, 354 (S.D.N.Y. 2005); Salim Oleochemicals, Inc. v. M/V SHROPSHIRE, 177 F. Supp. 2d 159 (S.D.N.Y. 2001); Brown v. Mesirow Stein Real Estate, Inc., 7 F. Supp. 2d 1004 (N.D. Ill. 1998); Johnson v. Washington Metro. Area Transit Auth., 773 F. Supp. 449 (D.D.C. 1991); see also In re. Flor, 79 F.3d 281 (2d Cir. 1996) (that an issue was one of first impression did not create a substantial ground for difference of opinion meeting section 1292's standard).  Mere disagreement with the court's ruling does not suffice.  See Kern-Tulare Water Dist. v. Bakersfield, 634 F. Supp. 656, 667 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988).

Defendants have not shown that there is a controlling question of law or that there are substantial grounds for difference of opinion.  Defendants, then, have failed to address their heavy burden of establishing that this case is an "exceptional situation" warranting an immediate appeal.  See In re Cement, 673 F.2d 1026.

Because the court holds that the defendants have not shown that there is a substantial grounds for a difference of opinion on a controlling question of law, it need not consider whether the appeal would materially advance the litigation.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion for certification and motion for stay be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

/////

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: August 18, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;alca3407.interl.app