IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH G. ALCALA,

    Plaintiff,                    No. 2:09-cv-3407 KJM JFM (PC)

    vs.

MIKE MARTEL, Warden, *et al.*,

    Defendants.                ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. On September 16, 2011, defendants filed a motion for summary judgment. Plaintiff opposed the motion, and on June 20, 2012, this court issued findings and recommendations recommending that the motion be granted. In light of the July 6, 2012 decision of the United States Court of Appeals for the Ninth Circuit in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), and good cause appearing, the findings and recommendations will be vacated and defendant's motion will be denied without prejudice to its renewal within thirty days from the date of this order.

       Pursuant to Woods, Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), the court hereby once again informs plaintiff of the following requirements for opposing a motion for summary judgment

1

pursuant to Fed. R. Civ. P. 56.[1] Such a motion is a request for an order for judgment in favor of the defendant without trial. A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are. Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion. See Fed. R. Civ. P. 56(d). If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion. See L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. The findings and recommendations filed June 20, 2012 are vacated;

---

[1] Plaintiff was informed of these requirements in an order filed October 18, 2010.

2. Defendants' September 16, 2011 motion for summary judgment is denied without prejudice to its renewal within thirty days from the date of this order;

3. Should defendants choose to renew their motion for summary judgment, they shall serve on plaintiff all documents filed as part of the renewed motion or relied on to support the motion;

4. Plaintiff's opposition to any renewed motion shall be filed and served not later than thirty days after service of the renewed motion; and

5. Defendants' reply brief, if any, shall be filed and served not later than fourteen days after service of plaintiff's opposition.

DATED: August 20, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;alca3407.ntc